UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE GILBERT YOUNG, <br> TDCJ # 1299879 | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action <br> No. SA-09-CA-575-XR (NN) |
| SAN ANTONIO POLICE DEPARTMENT, <br> OFFICER DALE GREGST HANCOCK, <br> OFFICER F/N/U LEWIS, <br> OFFICER V. SAUCEDA, <br> BEXAR COUNTY DISTRICT <br> ATTORNEY'S OFFICE, AND <br> ALAN BROWN, | § § § § § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

TO:   Honorable Xavier Rodriguez
      United States District Judge

This report and recommendation recommends dismissing this case. This case is an inmate civil rights case. The plaintiff inmate has proceeded in forma pauperis (IFP). The case was assigned to me for pretrial proceedings. Under 28 U.S.C. § 1915, the court must screen an inmate's IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.[1] This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[2] Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in

---

[1] 28 U.S.C. § 1915(e)(2)(B).

[2] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

1

law or in fact.[3] Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[4] To state a claim pursuant to Rule 12(b)(6), the plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5]

Plaintiff Joe Gilbert Young seeks to sue the San Antonio Police Department (SAPD), three SAPD police officers, his former criminal defense attorney Alan Brown, and the Bexar County District Attorney's Office, for alleged civil rights violations stemming from his arrest on February 17, 2004. Young was later convicted in Bexar County Cause No. 2004-CR-2298 for possession with intent to deliver a controlled substance. Young complains that the defendant police officers lacked probable cause to stop him and his female passenger, the officers used excessive force in removing three rocks of cocaine from his hand, and one officer conducted an illegal body-cavity search of his female passenger. He further complains that his defense attorney failed to independently investigate his case and coerced him to accept a plea bargain offer. Young also alleges that the District Attorney's Office pursued an illegal prosecution, allowing the violation of his civil rights.

---

[3] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[4] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed). In this case, no question exists about whether the procedure used was fair because I gave Young an opportunity to amend his complaint. *See* docket entry # 4.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Young also indicated he seeks to bring claims on behalf of his passenger, Edwina Roberson. Any claim stemming from injuries to Roberson belong to Roberson, not Young. Young lacks standing to assert a violation of his passenger's rights.[6] Roberson did not sign the complaint. Young, who is not licensed to practice law, cannot represent Roberson.[7] Therefore, Roberson is not a party in this case.

As relief, Young seeks the dismissal of his criminal drug charges, $2.5 million damages from SAPD and the officers, and $1.2 million each from the District Attorney's Office and his attorney. Young's allegations fail to state a claim upon which relief may be granted for the reasons discussed below.

The first reason Young's allegations fail to state a claim is because an inmate may not challenge his conviction in a section 1983 action. An inmate must challenge his conviction by way of application for writ of habeas corpus after exhausting state remedies.[8] A section 1983 claim for damages arising from wrongful conviction does not accrue until the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[9] Young challenged his conviction—raising many of the same issues he presents in this case—in Cause No. SA-06-CA-1003. The undersigned analyzed Young's claims

---

[6] *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) (stating that Fourth Amendment rights are personal rights which may not be vicariously asserted); *Club Retro v. Hilton*, 568 F.3d 181, 195 n.5 (5th Cir. 2009); *San Antonio Savings & Loan v. Kacal*, 928 F.2d 697, 704 (5th Cir. 1991) (explaining that the plaintiff lacked standing to assert the rights of third parties who may have been subjected to such searches or seizures).

[7] *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978); *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970).

[8] *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499 (1973).

[9] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

3

in a 77-page order and denied Young's application for habeas relief. Young has not alleged that his conviction or his sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal. Public records show Young is still incarcerated pursuant to his state criminal judgment. Because Young cannot show that his conviction has been declared unlawful on direct appeal or through habeas corpus, he has no basis for a civil rights action.

The second reason Young's complaint fails to state a claim is because his claims are barred by limitations. The statute of limitations for civil rights claims arising in Texas is two years.[10] "The cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action."[11] Young's claims and alleged injuries flow from his arrest on February 17, 2004 and/or his conviction on April 12, 2005. Young's claims stemming from his arrest arose on February 17, 2004; his claims stemming from his conviction arose on April 12, 2005. Those dates required Young to file a case complaining about injuries arising from his arrest by February 17, 2007 and a case complaining about injuries arising from his conviction by April 12, 2007. Young filed this case on July 16, 2009 when he sought to proceed in forma pauperis and presented his proposed complaint. That filing date is well outside of the applicable two-year limitations periods. For this reason, Young's section 1983 claims are barred by limitations. To the extent Young seeks to pursue a state-law claim for assault, such a claim is barred by Texas's two-year limitations period for assault.[12]

---

[10]*See Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (stating that Texas's two- year tort statute of limitations applies to section 1983 actions in Texas).

[11]*Gonzales*, 157 F.3d at 1019.

[12]Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

4

The third reason Young's allegations fail to state a claim is because his defense attorney is not a state actor. A defense attorney, whether appointed or retained, is not a state actor for liability purposes under section 1983.[13] To the extent that Young may seek to hold his former attorney(s) liable for legal malpractice,[14] such a claim is not available under section 1983.[15]

The fourth reason the allegations fail to state a claim is because the District Attorney's Office is immune from liability. To the extent Young complains about the actions of prosecutors in the District Attorney's Office as advocates, they are absolutely immune from liability.[16]

**Recommendation**. Young's complaint fails to state a claim under section 1983. The complaint is frivolous because it lacks an arguable basis in law. For these reasons, I recommend dismissing this case pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days

---

[13] *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996).

[14] In his response to my show cause order, Young indicated that he also sought to sue attorney Jay Norton. The same analysis that applies to attorney Alan Brown applies to Jay Norton.

[15] *O'Brien v. Colbath*, 465F .2d 358 (5th Cir. 1972).

[16] *See Burns v. Reed*, 500 U.S. 478, 492 (1991) (prosecutor's appearance in court in support of an application for a search warrant and the presentation of evidence at that hearing were protected by absolute immunity); *Graves v. Hamprton*, 1 F.3d 315, 318 n.9 (5th Cir. 1993) ("A prosecutor is immune, however, even if accused of knowingly using perjured testimony").

after being served with a copy of same, unless this time period is modified by the district court.[17] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[18] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[19]

**SIGNED** on March 1, 2010.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[17] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[18] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[19] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

6