**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOE GILBERT YOUNG, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-575-XR |
| | § | |
| SAN ANTONIO POLICE DEPARTMENT, DALE GREST, FNU LEWIS, V. SAUCEDA, BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE, and ALAN BROWN, | § § § § § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

On this day, the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case (Docket Entry No. 13). After careful consideration of the Report and Recommendation and Plaintiff's objections (Docket Entry No. 17), this Court ACCEPTS the Magistrate Judge's recommendation to DISMISS this case pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim.

**Background**

Plaintiff Joe Gilbert Young, *pro se*, seeks to file suit against the San Antonio Police Department, three San Antonio Police Department officers, his former defense attorney Alan Brown, and the Bexar County District Attorney's Office for alleged civil rights violations based on his arrest on February 17, 2004. Young claims that police officers were stopping vehicles illegally when he was stopped for "no apparent reason." Plaintiff states that he was thrown up against his vehicle, which constituted " police brutality," and that the officer "pried my closed hand open which revealed 3 rocks of cocaine . . . ." He alleges that an officer conducted "an illegal body-cavity search" on the

passenger of his vehicle, which was an "intentional infliction of emotional distress."

Young states that the Bexar County District Attorney's Office continued with the case even though he notified them of the aforementioned allegations regarding the San Antonio police officers. He claims that his defense counsel "did nothing to represent" him. He claims his attorney coerced him into accepting a plea agreement. Young was convicted in Texas state court for possession with intent to deliver a controlled substance. *State v. Young*, No. 2004-CR-2298 (Bexar County, Tex.).

Young seeks to have "the criminal drug charges dismissed and testimony withdrawn" and monetary damages against the police officers, District Attorney's Office, and Alan Brown.

**Procedural History**

Plaintiff filed his complaint on July 16, 2009.[1] The Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* and ordered the Clerk to file Plaintiff's complaint.[2] The Magistrate Judge issued a Report and Recommendation, screening the complaint pursuant to 28 U.S.C. § 1915.[3] Plaintiff timely objected to the report.[4]

**Legal Standard**

In reviewing the Magistrate Judge's report and recommendation, the Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

---

[1]Compl., July 16, 2009 (Docket Entry No. 2).

[2]Order Granting Leave to Proceed *In Forma Pauperis*, Aug. 10, 2009 (Docket Entry No. 3).

[3]Report & Recommendation, Mar. 1, 2010 (Docket Entry No. 13).

[4]Pl.'s Objections to Report & Recommendation, Mar. 16, 2010 (Docket Entry No. 17).

is made.”). As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law. *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989). A party may serve and file objections to the order within fourteen days. FED. R. CIV. P. 72(a), (b)(2). “Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.” *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir.1996).

**Analysis**

The Magistrate Judge found that Young may not challenge his conviction in an action pursuant to 42 U.S.C. § 1983, the statute of limitations bars his allegations, his defense attorney is not a state actor, and the District Attorney's Office is immune from liability. In a case in which a prisoner is proceeding *in forma pauperis*, the Court “shall dismiss the case at any time if the court determines at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted.” 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Young has not objected to these findings. Having considered these findings, the relevant case law, and the statutory authority followed by the Magistrate Judge, the Court determines that the findings are not clearly erroneous nor contrary to law.

Plaintiff objects to the Magistrate Judge's Report and Recommendation stating that “this case shows an arguable basis in law and fact.”[5] Plaintiff claims that the officers and prosecutor allowed their personal views to impact their decisions. He claims that his attorney did not counsel him and

[5] *Id.* at 1.

that the officers conducted warrantless searches. Young restates the allegations in his complaint and does not provide additional facts that would form the basis for a claim. Moreover, the objections provide conclusory statements with no allegations that would establish a claim for relief.

Young objects to the Magistrate Judge's report that he does not have standing to bring a claim on behalf of his passenger. He states that as the operator of a motor vehicle he is responsible for the safety of his passenger. "The right to be free from unreasonable searches and seizures is a personal right which cannot be asserted vicariously." *San Jacinto Savs. & Loan v. Kacal*, 928 F.2d 697, 704 (5th Cir. 1991). Young is therefore barred from bringing a claim for relief on behalf of his passenger.

Plaintiff now raises, for the first time in his objection, that the evidence used against him should have been suppressed because it was not in plain view. This matter was not before the magistrate judge. In any case, Plaintiff cannot assert a claim for relief on this issue because he presents no allegations sufficient to establish a claim. Moreover, "the 'plain view' exception allows police to seize items where: (1) the police lawfully entered the area where the item was located; (2) the item was in plain view; (3) the incriminating nature of the item was 'immediately apparent;' and (4) the police had a lawful right of access to the item." *United States v. Rodriguez*, 601 F.3d 402, 407 (5th Cir. 2010). As previously noted, Young cannot establish that the police unlawfully entered the area where the item was located. In his complaint, Plaintiff admits that the crack cocaine was in his hand, placing the drugs in plain view, making the incriminating nature of the item apparent, and giving the police a lawful right to confiscate the drugs.

**Conclusion**

The Magistrate Judge's report is neither contrary to law nor clearly erroneous, and the Court

reaches the same conclusions on the portions of the report to which Plaintiff has specifically objected. Having reviewed the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, and the record, the Court will ACCEPT the Magistrate Judge's recommendation to DISMISS this case pursuant to 28 U.S.C. 1915(e) as frivolous and for failure to state a claim. Accordingly, this case is DISMISSED pursuant to 28 U.S.C. 1915(e). The Clerk is directed to close this case.

    It is so ORDERED.

    SIGNED this 24th day of May, 2010.

    XAVIER RODRIGUEZ
    UNITED STATES DISTRICT JUDGE